EDWARD CREHORE *versus* MOSES MASON, Jr.

The statute of limitations of 1821, c. 62, was repealed by the first section of the act to repeal the statutes which were revised.

The fourth section of the latter act, however, provided, that all the provisions of the laws revised, so far as they might apply to any limitation of any contract already affected by such previous laws, should be deemed to remain in force, notwithstanding such repeal.

If a person whose home is permanently established within this State during the time, goes without the State, and there makes a contract, and a cause of action thereon accrues against him before his return home, such contract does not come within the provisions of the twenty-eighth section of the statute of limitations of the Rev. Stat. c. 146, that "the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

ASSUMPSIT upon an instrument in writing of which a copy follows.

" Mem. Due Edward Crehore seven hundred and ten dollars for seventy-one shares in the Androscoggin Canal and Mill Company. Washington, Jan. 10, 1836.

"Moses Mason, Jr."

With the general issue the statute of limitations was pleaded. The replication alleged, that the note was given in the city of Washington, and District of Columbia; and that the defendant was at that time out of the State, and so remained until July, 1836, and that he was again out of the State from December, 1836, to April, 1837.

The defendant had his home and usual place of abode in Bethel, in the county of Oxford, for the last thirty years next before the trial, and he was the owner of a dwellinghouse and real and personal estate in that town. The defendant was at that time a member of the House of Representatives of the United States, and as such attended the sessions of Congress during the times mentioned in the replication, returning to his home in Bethel at the close of each session.

The writ was dated June 6, 1842.

*Fessenden, Deblois* and *Fessenden* argued for the plaintiff, contending that as the contract was made out of the State, and the cause of action accrued while the defendant was at

Washington, that the action was not barred by the statute of limitations. They cited and commented upon the statute of limitations and the repealing act in the Revised Statutes, and in the course of their remarks cited also *Oriental Bank* v. *Freese*, 18 Maine R. 111; *Battles* v. *Fobes*, 18 Pick. 532; *Holmes* v. *Fox*, 19 Maine R. 107; *Hopkins* v. *Benson*, 21 Maine R. 399.

*Howard & G. F. Shepley* insisted that the action was barred by the statute of limitations, and commented on the limitation acts of 1821, and the Revised Statutes, and also upon the repealing act in the latter. In support of the position, that a statute should not be construed to have a retrospective operation, if it will admit of any other, and that it should have no retrospective effect, they cited 7 Johns. R. 499; 2 Mod. 310; 3 Dall. 386; 2 Gall. 139; 3 N. H. R. 473; 18 Maine R. 109; 2 Greenl. 275; 12 Wheat. 213.

That statutes of limitation affect the remedy only. Story's Conf. of Laws, § 576, 577; 8 Peters, 361; 11 Pick. 36; 6 Wend. 485; 4 Cowen, 508; 2 Kent, 462.

The opinion of the Court was drawn up by

SHEPLEY J. — This suit was commenced on June 6, 1842, upon a note or memorandum made by the defendant at Washington, in the District of Columbia, on January 10, 1836. The statute of limitations was pleaded. The former statute, c. 62, was repealed by the first section of the act to repeal the statutes, which were revised. The fourth section of the latter act provides, that the provisions of the laws, which were repealed, shall be deemed to remain in force for certain purposes. Retaining so much of the language of that section only, as may be applicable to the limitation of suits, and the idea intended to be communicated may be expressed in these words. All the provisions of the laws revised, so far as they may apply to any limitation of any contract already affected by such previous laws, shall be deemed to have remained in force, notwithstanding such repeal. If this be correct, it is not perceived, that the former statute would continue to be applicable to this con-

tract; for it had not been "already affected" by it. The contract, at the time of the revision of the statutes, remained wholly unaffected, the right and the remedy remaining complete and perfect. On a former occasion it was stated, that the design of the revision was, to substitute the revised enactments for the acts repealed, except where an explicit provision was made to the contrary. And that there could be no constitutional objection to their operation upon the remedies provided by law for enforcing the performance of contracts. *Morse v. Rice*, 8 Shepl. 53.

This suit is barred by the provisions of the Revised Statutes, c. 146, § 1, unless, as the counsel for the plaintiff contend, it is exempted from the operation of those provisions by being brought within the provisions of the twenty-eighth section of the same chapter, by the facts agreed in the case. Are the words of the first clause of that section, "if at the time, when any cause of action mentioned in this chapter shall accrue against any person, he shall be out of the State, the action may be commenced within the time herein limited, after such person shall come into the State," to receive a literal construction without reference to the latter clause of the same section, which provides, "and if after any cause of action shall have accrued, the person against whom it shall have accrued, shall be absent from and reside without the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action?" If the construction should be, that the mere fact, that a person having his domicil established within the State was absent from it for a few days or weeks, when the cause of action accrued, would prevent the statute from commencing to run until after his return into the State, the effect of it would be great inconvenience and expensive litigation. Under such a construction, whenever persons residing within the State, and being without it, should make contracts, on which the right of action would instantly accrue, the statute of limitations would commence to run on their return into the State. And each case, after the lapse of six years or more, might present a contest upon testimony be-

fore a jury to determine, on what day the person, who had made such a contract, first came within the limits of the State. And when the citizens of this State happen to be absent from it, when their contracts made payable after a certain time shall become due, the effect might be the same. It is scarcely credible, that such a troublesome and expensive system of litigation could have been intentionally introduced. And there could be no occasion for it to protect the rights of the holders of the contracts. For by our laws, they would commence suits against persons residing within the State, although absent from it, without leaving attachable property within it. Doubtless the mischief intended to be provided for was, that the statute would in certain cases commence running, while the holders of contracts could not commence suits upon them, or could not do it without being subjected to the inconvenience of doing it in another State. And although suits might be commenced against persons residing out of the State and having attachable property within it, yet it might in many cases be doubtful, whether such property could be safely attached, or whether its existence would become known to the party. And if holders, in such cases, were required to commence suits to preserve their rights, they might be subjected to loss or litigation. And the intention appears to have been to relieve them in such cases from the consequences, which might otherwise have resulted from their neglect to commence them. By considering both clauses of the section in connexion, and the mischiefs, for which a remedy was to be provided, and the mode in which it was proposed to be accomplished, there will remain little of doubt, that the former clause was designed to apply only to cases, in which the cause of action shall accrue against a person, and he shall at the time be residing out of the State.

The defendant having his residence permanently established within the State at the time, when the cause of action accrued and ever since, the plaintiff cannot maintain his action by virtue of the provisions of the twenty-eighth section, although the defendant was out of the State, when the cause of action accrued.                    *A nonsuit is to be entered.*